United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AUSTIN DYLAN EVERSOLE, TDCJ #01626507, | § § § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 3:12-CV-2 |
| | § |
| NFN CURRAN, *et al.*, | § § |
| Defendants. | § § |

## MEMORANDUM OPINION AND ORDER

Plaintiff Austin Dylan Eversole (TDCJ #01626507), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. He asserts that the defendants, officials at TDCJ's Clemens Unit, denied him access to the courts and retaliated against him for his attempts to assert his legal rights. He has filed an amended complaint and two legal briefs (Dkt. 6, Dkt. 7, and Dkt. 8). The Court ordered two defendants to answer: Inmate Property Officer Margaret Curran ("Curran") and Access-to-Courts Supervisor Tracy Mogford ("Mogford"). Curran and Mogford have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 33). Eversole has not responded, though his deadline has long since passed. The Court will grant the defendants' motion.

## I.  BACKGROUND

In 2010, Eversole pled guilty to murder, criminal solicitation to commit capital murder, burglary of a habitation, theft of a firearm, and theft; he received prison terms of 40, 20, and 2 years. *See* Northern District of Texas Case Number 3:11-CV-1478 (Eversole's federal habeas proceeding) at Dkt. 42. Eversole filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which Judge Lynn of the Northern District of Texas, on the recommendation of Judge Toliver, dismissed as time-barred and, alternatively, meritless. *See* Northern District of Texas Case Number 3:11-CV-1478 at Dkt. 42 and Dkt. 50. The claims in this civil rights lawsuit stem from that habeas proceeding.[1]

Eversole claims that the defendants first impeded his ability to pursue habeas relief by denying him access to a legal storage box and delaying his legal mail and then retaliated against him for requesting the storage box by confiscating some of his personal property (Dkt. 6 at pp. 10–14). Eversole also claims that, after he filed a grievance related to the confiscation, the defendants tried to incite resentment toward him in other inmates by confiscating their personal property as well (Dkt. 6 at pp. 10–14).

---

[1] To the extent necessary, the Court has taken judicial notice of that proceeding. *See Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("We may take judicial notice of another court's judicial action."); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) ("For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases.") (citation omitted).

2

## II.     RULE 12(c)

The defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A complaint can be dismissed under Rule 12(b)(6) if the factual allegations it contains, taken as true, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Eversole proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the federal pleading standard aptly summarized by the Fifth Circuit in *Coleman* still applies to *pro se* litigants (such as the plaintiff in *Coleman*, who was a *pro se* prisoner like

3

Eversole)—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III. <u>ACCESS TO COURTS</u>

Under the applicable legal standard, Eversole has not stated a viable claim for denial of his right to access the courts.

Prisoners have a Constitutional right to meaningful access to the courts. *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). However, that right of access "is not unlimited"—it "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Interference with that opportunity must be intentional to be actionable; negligence on the part of the defendant is not enough to state a claim. *Richardson v. McDonnell*, 841 F.2d 120, 121–22 (5th Cir. 1988); *see also Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts."); *Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995). The plaintiff must also prove an actual injury—i.e., the legal claim or appeal foreclosed by the defendant's intentional conduct must be nonfrivolous and arguable to an extent that constitutes "more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that a federal prisoner's access-

4

to-courts claim based on prison officials' failure to deliver a final judgment to him was properly dismissed when the appeal from that judgment "was ultimately frivolous"). Even if there is an actual injury, "delays in receiving legal materials or legal assistance, . . . so long as they are the product of prison regulations reasonably related to legitimate penological interests, . . . are not of constitutional significance[.]" *Lewis v. Casey*, 518 U.S. 343, 361–62 (1996); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Eversole's allegations, even assuming that they meet the threshold of establishing intentional interference with his right of access to the courts, do not show the required harm. Eversole's federal habeas petition was dismissed as time-barred; but it was also dismissed in the alternative on the merits, and it is clear that Judge Toliver and Judge Lynn considered Eversole's substantive arguments notwithstanding the time bar. *See* Northern District of Texas Case Number 3:11-CV-1478 at Dkt. 42 and Dkt. 50. Judge Toliver's recommendation, in particular, discusses Eversole's substantive arguments extensively. *See* Northern District of Texas Case Number 3:11-CV-1478 at Dkt. 42, pp. 11–17. Eversole has not pointed to any claim, let alone any nonfrivolous claim, that was foreclosed by the defendants' conduct. Eversole's claims for denial of access to the courts fail.

## IV. RETALIATION

Under the applicable legal standard, Eversole has not stated a viable claim for retaliation, either. To state a claim for retaliation, an inmate must establish: (1) that he invoked a specific Constitutional right; (2) that the defendant intended to retaliate against him for his exercise of that right; (3) a particular retaliatory adverse act; and (4) that, but for the defendant's retaliatory motive, the complained-of adverse act would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (quotation marks omitted).

Proving retaliation entails carrying a "significant burden" and presenting more than mere conclusory allegations, and the court must "carefully scrutinize" the claim "with skepticism[.]" *Woods*, 60 F.3d at 1166. The inmate must present direct evidence of motive or, barring that, allege a chronology of events from which retaliation may be plausibly inferred. *Id.* And the prisoner's allegations of causation must show more than "temporal proximity alone[.]" *Reese v. Skinner*, 322 Fed. App'x 381, 383 (5th Cir. 2009). For example, the plaintiff in *Hart v. Hairston*, 343 F.3d 762, 763–65 (5th Cir. 2003), created a fact question on motive and causation by showing that he wrote a letter to an administrator accusing a correctional officer of trying to mislead state inspectors and that the officer then filed a disciplinary charge against the plaintiff specifically accusing him of making false statements in the letter; the plaintiff's evidence could have supported a

6

finding that the disciplinary charge was retaliation for the letter. Even if all of the elements are met, however, the protection from retaliation does not extend to "inconsequential actions" by prison officials—"[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Eversole's claims with regard to the defendants' alleged retaliation are unclear, mainly because Eversole's account of the events does not provide either dates or a straightforward timeline. As far as the Court can tell, Eversole claims that the defendants began harassing him after he requested a legal storage box "to deter [him] and other inmates from future requests for legal storage boxes" (Dkt. 6 at p. 11). After Eversole requested the storage box, the defendants confiscated some of his personal property (Dkt. 6 at p. 11). Eversole then wrote a grievance related to the confiscation, apparently with the help of another inmate (Dkt. 6 at p. 11). The defendants confiscated several "hygiene items" from the other inmate's cell, "even though [the items] were properly stored" (Dkt. 6 at p. 11). Eversole also generally claims that, "[t]hroughout the entire application process [for the legal storage box], [Curran] entered the living area (dorm) where [Eversole] is assigned several times and confiscated items belonging to inmates who also stay there. The intent was to create oppression on other inmates to cause them to harass [Eversole]" (Dkt. 6 at p. 13).

Eversole's allegations fail to spell out a viable claim for retaliation. He presents neither direct evidence of retaliatory motive nor a chronology of events that could give

7

rise to a plausible inference of retaliation—in fact, most of the actions that Eversole alleges were retaliatory were directed not at him but at other inmates, and Eversole has not provided any support for his belief that the defendants' confiscation of the other inmates' possessions was meant to spur reprisals against him. For that matter, Eversole does not actually say that there *were* any reprisals against him. The one act that was directed at Eversole personally was the defendants' confiscation of his property; and even assuming retaliatory intent Eversole has not shown that, but for the defendants' retaliatory motives, his property would not have been confiscated. It is not enough to say simply that the confiscation followed the request for the legal storage box. *See Reese*, 322 Fed. App'x at 383 ("[T]emporal proximity alone is insufficient to prove but for causation.") (quotation marks omitted). Frankly, it is not entirely clear why Eversole thinks the defendants cared whether or not he had a legal storage box, and there are no allegations of prior animosity between him and the defendants.

Eversole's allegations amount to mere statements of his personal belief that he was the victim of retaliation, and they are too conclusory to state a claim.

## V.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion for judgment on the pleadings (Dkt. 33) is **GRANTED**.

2. Eversole's claims are **DISMISSED WITH PREJUDICE**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on ___March 7___, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE